UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 17-CV-01815 (SRN/SER)

| | |
|---|---|
| Charles Hrebal,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Seterus, Inc.,<br><br>　　　　　　Defendant. | **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S JANUARY 25, 2019, MEMORANDUM OPINION AND ORDER** |

On July 11, 2018, Plaintiff filed his Motion for Partial Summary Judgment and supporting Memorandum. *ECF Nos. 41 and 43*.

On January 25, 2019, the Court issued its Memorandum Opinion and Order denying Plaintiff's motion. *ECF No. 61*. The Court held that a reasonable juror could, in fact, find that Defendants "investigations into [Plaintiff's] disputes was nothing more than a 'mere cursory review,'" (quoting *Boggio v. USAA Fed. Sav. Bank,* 696 F.3d 611, 616 (6th Cir. 2012)) and that "simply re-affirming [Plaintiff's] delinquency, without *any* mention of a dispute, rendered [Defendant's] credit reporting 'inaccurate' because 'through omission,' 'it create[d] a materially misleading impression' that [Plaintiff] was more financially irresponsible than he actually was." (quoting *Seamans v. Temple Univ.,* 744 F.3d 853, 865 (3d Cir. 2014)). *ECF No. 61 at 24-5*.

On March 26, 2019, Plaintiff filed a letter requesting permission to file this Motion for Reconsideration of the Court's January 25, 2019, Memorandum Opinion and Order. *ECF No. 72*. Plaintiff included in his pleading, citations to authority he had previously omitted. *Id.* On April 4, 2019, the Court held that in light of Plaintiff's newly cited authority, supporting the conclusion that Defendant's cursory investigations, as well as its failure to designate the information as disputed,

1

violated 15 U.S.C. § 1681s-2(b) as a matter of law, and, as such, "compelling circumstances" exist for reconsideration. *ECF No. 76 at 4*. Plaintiff now submits this Motion for Reconsideration of the Court's January 25, 2019, Memorandum Opinion and Order.

I.   **Legal Standard**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

II.  **Undisputed Material Facts**

   1. **Investigation into Plaintiff's March 1, 2016, Dispute.**

On March 1, 2016, Experian forwarded Plaintiff's dispute to Defendant for investigation via an ACDV. *See,* May 10, 2018, Deposition of Sequoia Watts at *ECF No. 37*, Ex. E (hereinafter "Watts Dep." at 89:16-18. The ACDV detailed that Plaintiff "[d]isputes present previous account status, payment history, profile payment rating." (Watts Dep. 90:2-12; Watts Dep. Ex. 5). The ACDV included Plaintiff's statement, "I was never late. I have proof that I always paid on time and also this account should be included in my Chapter 13 bankruptcy." (Watts. Dep. 90:22-91:10; Watts Dep. Ex. 5).

While processing the ACDV, Defendant's agent, Ms. Sequoia Watts (hereinafter "Ms. Watts") simply checked to see what the account was currently "reporting as," reviewed the "payment history profile," and checked AACER. (Watts. Dep. 91:16-92:15).  Critically, Ms. Watts did not review the prior servicer's notes for, if she had, she would have seen that a note was entered on January 26, 2012, explaining that there was an issue with the amount of Plaintiff's pre-petition arrears and the proof of claim filed. (Watts Dep. 40:10-17; 44:11-45:15; Watts Dep. Ex. 2 at Bates 2135).

Ms. Watts ultimately updated the loan to reflect that it was 60 days past due, updated the first date of delinquency to March 3, 2016, and suppressed the payment history from April of 2014 through

October of 2015. (Watts. Dep. 92:16-93:19). Ms. Watts concedes that she made an error in doing so. (Watts. Dep. 99:25-100:14). Ms. Watts did not designate the information as disputed. (Watts Dep. 75:20-76:12; 99:6-16).

### 2. Investigation into Plaintiff's March 14, 2016, Dispute.

On March 14, 2016, Experian sent a second ACVD to Defendant, which again detailed that Plaintiff "[d]isputes present previous account status, payment history, profile payment rating." (Watts Dep. 117:6; 118:14-119:1; Watts Dep. Ex. 7). Additional documentation was attached to the ACDV. (Watts. Dep. 117:14-22).

Despite processing the dispute in the same manner as before, Ms. Watts updated the loan to reflect that it was 30 days past due, instead of 60, and changed the first date of delinquency to March 3, 2016. (Watts Dep. 115:5-18; 119:2-10). Again, Ms. Watts did not designate the information as disputed. (Watts Dep. 119:15-17).

### 3. Investigation into Plaintiff's March 25, 2016, Dispute.

On March 25, 2016, Equifax sent a third ACDV to Defendant, which detailed that Plaintiff "[d]isputes present/previous account status/payment rating/account history." (McNeal II Dep. 76:8-77:5; Tsai Ex. K).

Defendant's agent, Mr. Jermaine Daniels (hereinafter "Mr. Daniels") updated the payment history to reflect that Plaintiff had been 30 days late *each and every* month since October of 2015 and reported the account as 30 days late as of April 14th. (McNeal II Dep. 76:8-77:5; Tsai Ex. K). Mr. Daniels did not designate the information as disputed. (Watts Dep. 128:1-134:13).

### III. Defendant's Investigations were Unreasonable as a Matter of Law.

As the Court has twice noted, Defendant makes no attempt to argue that its investigations into Plaintiff's disputes were reasonable. ECF No. 61 at 25; ECF No. 76 at 2. Defendant hasn't made such

an argument because it can't. Defendant's cursory investigations into Plaintiff's disputes fall far short of what is required by 15 U.S.C. § 1681s-2(b) as a matter of law.

It is undisputed that Defendant was aware of both the existence, nature nd validity of Plaintiff's dispute as of March 1, 2016. (Watts Dep. 89:16-18). Nonetheless, Defendant took no action. (Watts Dep. 84:24-87:10). Thereafter, Defendant repeatedly conducted only cursory reviews instead of reasonable investigations into Plaintiff's disputes by repeatedly failing to view information readily available to it and which would have indicated clearly and concisely the root of Plaintiff's numerous disputes. As a result, Defendant responded to Plaintiff's disputes wholly inconsistently and, by Ms. Watt's own admission, made mistakes in handling Plaintiff's disputes. *See, Alston v. Wells Fargo Bank,* 2013 WL 990416 (D. Md. Mar. 12, 2013) (inconsistent result indicate an investigation was unreasonable); *Calhoun v. Certegy Check Servs., Inc.,* 2014 WL 4146886 (M.D. Fla. Aug. 20, 2014) (same). The unreasonableness of Defendant's investigations is "beyond question" and, thus, summary judgment in favor of Plaintiff is appropriate. *Olwell v. Medical Info. Bureau,* 2003 WL 79035, at *3 (D. Minn. 2003), citing *Crabill v. Trans Union,* 259 F.3d 662, 664 (7th Cir. 2001).

This case is akin to *Ballanger, et al. v. Ocwen Loan Serv., LLC, et al.,* in which the court held that the defendant's investigation was unreasonable as a matter of law. No. 4:15-cv-00252-JAJ-HCA, at *13 (S.D. Iowa Sept. 25, 2017). The Court held that the investigation, which was "limited solely to examining information in the computer system itself" instead of additionally considering "the extensive material available" was unreasonable. *Id.* at 14. Likewise, here, a reasonable investigation necessarily would have entailed, at the very least, an examination of the prior servicer's notes instead of simply examining "information in the computer system itself." *Id. See also, Wood v. Credit One Bank,* 277 F.Supp.3d 821, 851-53 (E.D. Va. 2017) (given the number of times the plaintiff had filed disputes, defendant's mere confirmation of information in its own computer system was unreasonable

4

as a matter of law). This Court should hold that Defendant's investigation into Plaintiff's disputes were unreasonable as a matter of law.

**IV.     Had Defendant Conducted Reasonable Investigations into Plaintiff's Disputes, it Would Have Determined that Plaintiff's Disputes were "Potentially Meritorious" and, thus, Should have Designated the Information as "Disputed."**

Had Defendant reviewed the information and documentation readily available to it, specifically, the prior servicer's notes, it would have been clear that Plaintiff's dispute was *bona fide* or potentially meritorious, rooted in an incorrect proof of claim (Watts Dep. 40:10-17; 44:11-45:15; Watts Dep. Ex. 2 at Bates 2135) and, thus, it was incumbent upon Defendant to designate the information as disputed. *See, e.g., Saunders v. Branch Banking & Trust Co. of Va.,* 526 F.3d 142 (4th Cir. 2008); *Llewellyn v. Allstate Home Loans, Inc.,* 711 F.3d 1173 (10th Cir. 2013); *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147 (9th Cir. 2009).

In fact, courts have recognized that, in some circumstances, a failure to designate information as disputed is in and of itself materially misleading by way of omission, and a violation of 15 U.S.C. § 1681s-2(b) as a matter of law. *See, Ballanger, et al.*, No. 4:15-cv-00252-JAJ-HCA (S.D. Iowa Sept. 25, 2017) (a furnisher's failure to indicate that the information was disputed by the consumer was a violation of section 1681s-2(b) as a matter of law); *Vasquez-Estrada v. Collecto, Inc.,* No. 3:14-CV-01422-ST, 2015 WL 6163971 at *5-6 (D. Or. Oct. 20, 2015) (same); *Wood v. Credit One Bank,* 277 F.Supp.3d 821, 854-55 (E.D. Va. 2017) (same). Defendant's failure to designate the information as "disputed" is in and of itself a violation of section 1681s-2(b) entitling Plaintiff to summary judgment.

## Conclusion

For these reasons, Plaintiff respectfully requests that the Court reconsider its January 25, 2019, Memorandum Opinion and Order and grant Plaintiff's Motion for Partial Summary Judgment.

Dated this 11th day of April 2019.

By: <u>s/Thomas J. Lyons Jr.</u>
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #: 0249646
**CONSUMER JUSTICE CENTER P.A.**
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651)770-9707
Facsimile: (651)704-0907
tommy@consumerjusticecenter.com

Mark L. Vavreck, Esq.
Attorney I.D. #318619
**GONKO & VAVRECK PLLC**
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: 612-659-9500
Facsimile: 612-659-9220
mvavreck@cgmvlaw.com

*Attorneys for Plaintiff*